UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| CHRISNEL MERARD, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 2:20-cv-00442-JAW |
| PYRAMID PORTLAND MANAGEMENT LLC, | ) ) ) ) | |
| Defendant | ) ) | |

### ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

In this case alleging claims of hostile work environment and retaliation, the plaintiff seeks permission to proceed without paying fees or costs. *See generally* [Plaintiff's] Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Appl.") (ECF No. 4); [Plaintiff's] Complaint ("Complaint") (ECF No. 1). For the reasons that follow, I grant the plaintiff's request for leave to proceed *in forma pauperis* and recommend that the court permit this case to proceed following section 1915 review.

### I. Application To Proceed *in Forma Pauperis*

*In forma pauperis* status is available under 28 U.S.C. § 1915(a)(1). In his motion to proceed *in forma pauperis*, the plaintiff declares under penalty of perjury that he is homeless, does not earn any income, and has no money or other valuable assets. *See* IFP Appl. at 1-2. These financial circumstances entitle him to proceed *in forma pauperis*.

1

## II. Section 1915(e)(2)(B) Review

### A. Applicable Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding *in forma pauperis*, however, "the court shall dismiss the case at any time if the court determines[,]" *inter alia*, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

"Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *see also Mallard v. United States Dist. Court S.D. Iowa*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").[1]

When considering whether a complaint states a claim for which relief may be granted, a court must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that

---

[1] Section 1915(d) was subsequently renumbered to section 1915(e).

pro se plaintiffs are not required to plead basic facts sufficient to state a claim[,]" *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner in which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As noted, the statute that provides for waiver of the filing fee also requires the court to determine whether the plaintiff's case may proceed. In other words, the plaintiff's complaint must be dismissed if the court finds it to be frivolous or malicious, seeks monetary relief from a defendant who is immune from such relief, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). In this regard, a *pro se* plaintiff's complaint must be read liberally. *Donovan v. Maine*, 276 F.3d 87, 94 (1st Cir. 2002).

### B. Factual Background

So read, the plaintiff's complaint alleges the following facts.[2] The plaintiff was hired as an engineering technician by the defendant in July 2018. *See* Complaint ¶ 8. Between that time and the end of his employment in February 2020, the plaintiff was subjected to harassment because of his Haitian origin. *See id.* ¶¶ 8-16. Upon the plaintiff's hiring, "a worker stated, '[G]reat, there are more [H]aitian refugees working here[,]'" and, "'Now we got a . . . load of dumb blacks working here[.]'" *Id.* ¶ 13. Coworkers and managers accused the plaintiff "of stealing money out of the guest rooms" and referred to him "as a 'thief,['] 'criminal' and the 'N' word." *Id.* ¶¶ 10, 12. One coworker said that the plaintiff "'sounded like a Haitian earthquake'" in reference to the "major earthquake that devastated the island nation of Haiti in 2010." *Id.* ¶ 14. This harassment caused the plaintiff to suffer mental and emotional harm. *Id.* ¶ 16. The plaintiff reported the

---

[2] Parts of the plaintiff's complaint appear to cut off midsentence, *see, e.g.*, Complaint ¶ 17, but the remaining portions are enough to support his claims.

harassment to his supervisors, but they did not take appropriate corrective action and retaliated against him "by suspending him and accusing him of stealing money in guest rooms." *Id.* ¶¶ 25-27, 29-30.

The plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC), which issued him a right-to-sue letter on October 5, 2020. *See id.* ¶¶ 5-6; [EEOC] Dismissal and Notice of Rights (ECF No. 1-4), attached thereto. Thereafter, the plaintiff initiated the instant suit by filing a complaint on November 24, 2020, seeking relief for claims of hostile work environment and retaliation. *See* Complaint at 6-9; 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

## C. Discussion

"To prevail on a claim of hostile work environment, a plaintiff must establish: (1) that he is a member of a protected class; (2) that he was subjected to unwelcome harassment; (3) that the harassment was based on [being a member of a protected class]; (4) that the harassment was sufficiently severe or pervasive so as to alter the conditions of the plaintiff's employment and create an abusive work environment; (5) that the objectionable behavior was both objectively and subjectively offensive, such that reasonable person would find it hostile or abusive and that the victim did in fact perceive it to be so; and (6) that some basis for employer liability exists." *Wilson v. Moulison North Corp.*, 691 F. Supp. 2d 232, 236 (D. Me. 2010), *aff'd*, 639 F.3d 1 (1st Cir. 2011). "To establish a claim for retaliation, plaintiff must show: (1) he engaged in protected activity; (2) he suffered adverse employment action; and (3) a causal link existed between the protected activity and the adverse employment action." *Id.* at 239.

Bearing in mind that a *pro se* party's pleadings must be liberally construed, *see Donovan*, 276 F.3d at 94, the plaintiff has alleged sufficient facts – as discussed above – to state claims of

hostile work environment and retaliation. Accordingly, he should be permitted to proceed with his case.

### III. Conclusion

For the foregoing reasons, I **GRANT** the plaintiff's application to proceed *in forma pauperis* and recommend that the court permit this case to proceed following section 1915 review, and **ENLARGE** the deadline for service of the complaint to 90 days from the date of the court's acceptance of that recommendation.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of December, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge