UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CHRISNEL MERARD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:20-cv-00442-JAW |
| | ) | |
| PYRAMID PORTLAND MANAGEMENT LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

A defendant moves to dismiss a former employee's complaint due to untimely and improper service of process. Because the employee's delay was for "good cause," the Court rejects the employer's argument that service of process was untimely but finds that the employee's method of service was improper. The Court grants the employer's motion to dismiss and dismisses the employee's complaint without prejudice, which will allow him, if he chooses to do so, to file the complaint again and to perfect service of process.

**I.      PROCEDURAL HISTORY**

On November 24, 2020, Chrisnel Merard filed a two-count Complaint against Pyramid Portland Management LLC (Pyramid) alleging a hostile work environment based on national origin, and retaliation for engaging in a protected activity. *Compl.* at 6-7 (ECF No. 1). That same day, Mr. Merard entered his notice of pro se appearance, *Notice of Pro Se Appearance* (ECF No. 3), and filed a motion for leave to proceed in forma pauperis. *Application to Proceed in District Ct. Without Prepaying*

*Fees or Costs* (ECF No. 4).  The Court referred Mr. Merard's motion to proceed in forma pauperis to the Magistrate Judge, who, on December 29, 2020, granted Mr. Merard's motion, and further recommended that the Court permit the case to proceed. *Order Granting Leave to Proceed In Forma Pauperis* (ECF No. 7) (*Recommended Decision*).  On January 13, 2021, the Court affirmed the Magistrate Judge's Recommended Decision to allow Mr. Merard to proceed with his case and enlarged the deadline for service of the Complaint to ninety days from the date of the order. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 8) (*Order Affirming Recommended Decision*).  The Clerk of Court thereafter reset the service of process deadline to April 13, 2021. *Docket Entry, Jan. 13, 2021*.

Also on January 13, 2021, the Court ordered the Clerk to prepare the Plaintiff's documents for service by the United States Marshals Service (U.S. Marshals Service). *Order for Service* (ECF No. 9).  The same day, the Clerk of Court recorded that USM Service Form 285 and other service documents were given to the U.S. Marshals Service with a copy of the Complaint and an order directing service on Pyramid. *Docket Entry, Jan. 13, 2021*.

On January 21, 2021, Mr. Merard filed a notice of the Defendant's corrected address.  *Notice of Corrected Address* (ECF No. 10).  The Clerk thereafter completed the appropriate service documents, and USM Service Form 285, and gave them to the U.S. Marshals Service along with a copy of the Complaint and an order directing service on the defendant.  *Docket Entry, Jan. 21, 2021*.

On March 22, 2021, the Clerk of Court issued a Summons as to Pyramid and issued a third USM Service Form 285, appropriate Service Documents, copy of the Complaint, and an order directing service to the U.S. Marshals Service. *Summons Issued* (ECF No. 11); *Docket Entry, Mar. 22, 2021*. On June 17, 2021, Mr. Merard returned the executed USM 285 form demonstrating service of process on the Defendant. *USM 285 Returned Executed* (ECF No. 12).

On July 8, 2021, Pyramid filed a motion to dismiss. *Pyramid Portland Management LLC's Mot. to Dismiss Pl.'s Compl.* (ECF No. 13) (*Def.'s Mot.*). On July 28, 2019, Mr. Merard filed a response in opposition to Pyramid's motion to dismiss. *Response to Mot.* (ECF No. 17) (*Pl.'s Opp'n*). Finally, on August 11, 2021, Pyramid replied to Mr. Merard's opposition. *Pyramid Portland Management LLC's Reply to Pl.'s Opp'n to Mot. to Dismiss Pl.'s Compl.* (ECF No. 19) (*Def.'s Reply*).

## II. THE PARTIES' POSITIONS

### A. Pyramid Portland Management LLC's Motion to Dismiss

Pyramid raises two arguments in its motion to dismiss. First, it moves for dismissal under Federal Rules of Civil Procedure 12(b)(5) and 41(b) alleging that Mr. Merard's service was untimely. *Def.'s Mot.* at 4. Pyramid submits that the Complaint should be dismissed under the Federal Rules because Mr. Merard did not comply with the Court's January 13, 2021, order granting him ninety days within which to serve process, as no attempt was made until June 17, 2021. *Id.* at 5. Pyramid notes that Mr. Merard did not request an extension from the Court. *Id.*

Second, Pyramid argues that Mr. Merard's Complaint should be dismissed under Rules 12(b)(5) and 4(h) because it was never properly served. *Id.* at 6. Pyramid

3

says that the Complaint was delivered in Florida to Baker and Hostetler, Pyramid's attorney. *Id.* at 7. Pyramid cites Maine and Florida state laws requiring that an "LLC be served through its registered agent and not an attorney unauthorized to accept service." *Id.* (citing Fla. Stat. § 48.062 (1)-(2); ME. R. CIV. P. 4(d)(8)-(9)). Pyramid contends that its attorney, Ashley Schachter, received a copy of the Complaint and Summons from the U.S. Marshals Service, but Ms. Schachter is not a registered agent for Pyramid and Pyramid has not authorized her to accept service on behalf of the LLC. *Id.* at 7-8. Pyramid concludes that Mr. Merard's Complaint must be dismissed as "[t]his does not constitute proper service under the Federal Rules of Civil Procedure, Maine law, or Florida law." *Id.* at 8.

      **B.**     **Chrisnel Merard's Opposition**

In response, Mr. Merard asks the Court not to dismiss his Complaint because he "called the clerk of court many times after [he] submitted [the] case, the US marshals were not able to serve the suit until June 17[,] 2021, the case was filed November 24, 2020, therefore it was out of [his] hands once [he] filed the suit." *Pl.'s Opp'n* ¶ 2. Mr. Merard says that "when [he] filed a charge with the Maine Human Rights commission the same attorney Ashley Schachter ESQ from the law firm Baker and Hostetler responded and clearly stated 'that we represent the company pyramid Portland management, LLC,['] so as a Pro Se Litigant [he] had the complaint sent to Ashley Schachter[.]" *Id.* Mr. Merard further submits that he contacted Baker and Hostetler several times to see where he should send the complaint because he could not find an address for Pyramid Portland Management LLC on the internet. *Id.* ¶ 3. Finally, he contends that the coronavirus pandemic "slowed down many things and

4

made it impossible for [him] to [go in] the [courthouse] and speak to the clerk personally." *Id.* ¶ 4.

### C. Pyramid Portland Management LLC's Reply

In reply, Pyramid argues that even though Ms. Schachter represented Pyramid before the Maine Human Rights Commission, "the fact remains that Ms. Schachter, ***nor any of Pyramid's undersigned attorneys***, are authorized to accept service for Pyramid or have waived proper service." *Def.'s Reply* at 2 (emphasis in original). Pyramid further dismisses Mr. Merard's reference to COVID-19 delays, stating that "[h]e offers no explanation . . . as to why he did not seek an extension of time from the Court to serve the Summons and Complaint." *Id.*

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure provide that a defendant may raise insufficient service of process as a defense to a plaintiff's filed complaint. FED. R. CIV. P. 12(b)(5). "Where a defendant requests dismissal for insufficiency of service under Rule 12(b)(5), the plaintiff bears 'the burden of proving proper service,'" *Franchini v. Bangor Publ'g Co.*, No. 1:18-cv-00015-GZS, 2019 U.S. Dist. LEXIS 151315, at *10 (D. Me. Sept. 5, 2019) (quoting *Rivera-Lopez v. Mun. of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992)).

## IV. DISCUSSION

### A. Dismissal of the Complaint for Untimely Service of Process

Generally, "[t]he plaintiff is responsible for having the summons and complaint served [on the defendant] within the [ninety days] allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1).

5

However, if the plaintiff is authorized to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915, "the court [must] order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties [for parties proceeding in forma pauperis]"). "[U]nder the plain language of section 1915(d) and Rule 4(c)(3), it is not necessary for the IFP plaintiff to request service of process by the United States Marshal. The IFP plaintiff is, however, required to cooperate with the court and the United States Marshal in effectuating service, including providing the addresses of the named defendants, if needed, and completing any necessary paperwork and forms." *Laurence v. Wall*, 551 F.3d 92, 94 (1st Cir. 2008).

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*; *see also Franchini*, 2019 U.S. Dist. LEXIS 151315, at *10-11 ("In cases involving untimely service, the district court conducts a two-part analysis: '[f]irst, the court must determine whether the plaintiff has met its burden of establishing "good cause" for the untimely service, and second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period.'" (quoting *Ascher v. Duggan*, 988 F. Supp. 2d 99, 103 (D. Mass. 2013)) (alteration in *Franchini*).

6

To establish "good cause" a plaintiff must typically "show, among other things, a reason outside his or her control that service could not be completed." *Stark v. Town of Rumford*, No. 2:20-cv-00066-JDL, 2020 U.S. Dist. LEXIS 202245, at *10 (D. Me. Oct. 30, 2020). In particular, the First Circuit has stated that "a plaintiff proceeding IFP shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations under section 1915(d) and Rule 4(c)(3)." *Laurence*, 551 F.3d at 94; *Husek v. Bangor*, No. 9-231-B-W, 2009 U.S. Dist. LEXIS 120039, at *2 (D. Me. Dec. 2, 2009) (recommending that the court deny defendant's motion to dismiss for failure to make timely service, finding good cause under § 1915 and Rule 4(c)(3) because the magistrate judge "never instructed the Clerk to prepare the necessary documents for service following the court's ruling on [plaintiff's] early injunctive requests"); *see also Ascher*, 988 F. Supp 2d at 103 ("Good cause is likely (but not always) to be found when the plaintiff[']s failure to complete service in [a] timely fashion is a result of a third person, typically the process server") (quoting *McIsaac v. Ford*, 193 F. Supp. 2d 382, 383 (D. Mass. 2002)) (alterations in *Ascher*).

The Court concludes that Mr. Merard's untimely service of Pyramid was for "good cause." Neither party disputes that Mr. Merard was qualified to proceed in forma pauperis or that he was entitled to the benefit of service of process by the U.S. Marshals Service. *See Recommended Decision* at 1-5*; Order Affirming Recommended Decision* at 1. The record shows that the Clerk of Court ordered service by the U.S. Marshals Service on January 12, 2020. *See Order of Service*. Moreover, Mr. Merard submitted a notice of corrected address on January 21, 2021, fulfilling his obligation

7

to provide the defendant's address and any necessary forms. *See Notice of Corrected Address*; *Laurence*, 551 F.3d at 94. That same day the Clerk of Court sent the U.S. Marshals Service a new Order Directing Service with an updated USM Form 285, Summons and copy of the Complaint to reflect the updated address. *Docket Entry, Jan. 21, 2021*. Then, on March 22, 2021, the Clerk of Court sent the U.S. Marshals Service a third Order Directing Service with the required documents. *Docket Entry, Mar. 22, 2021*.

While Pyramid was served more than two months after the Court's April 13, 2021, service of process deadline, the delay was beyond Mr. Merard's control. As discussed above, Mr. Merard met his obligations under § 1915 and Rule 4(c)(3) as early as January 21, 2021, when he gave the Clerk of Court the defendant's updated address. From that point on, he had no control over when service of process occurred. Moreover, the Clerk of Court issued three Orders Directing Service by the U.S. Marshals Service, further suggesting that any delay in serving Pyramid was due to the U.S. Marshals Service, not Mr. Merard. Mr. Merard's untimely service was for "good cause." *See Laurence*, 551 F.3d at 94.

### B. Dismissal of the Complaint for Improper Method of Service

In addition to complying with timing requirements, a plaintiff must also properly serve the defendant. Service on a corporation, partnership, or association, and as relevant here, a limited liability company (LLC), is governed by Federal Rule of Civil Procedure 4(h) which sets forth two methods for service. FED. R. CIV. P. 4(h). First, the plaintiff may "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment

8

or by law to receive service of process" on behalf of the entity. *Id.* Second, the plaintiff may serve the defendant pursuant to the law of the state where the district court is located, or the law of the state where service is made. *Id.*; FED. R. CIV. P. 4(e)(1), (h)(1)(A).

Pyramid states that its attorney, Ashley Schachter, was served at her law firm in Florida, however, Ms. Schachter is "not a registered agent for the company . . . [and] is also not a member, manager, or employee of Pyramid and has not been authorized to accept service for the company or otherwise waive [] service on Pyramid's behalf." *Def.'s Mot.* at 7-8. Mr. Merard has therefore not complied with the first method of service laid out in the Federal Rules of Civil Procedure. For service of process to have been proper, Mr. Merard must have served Pyramid according to the laws of the state of Florida, the state where Mr. Merard served Pyramid, or the laws of the state of Maine, the state where this Court is located. *See* FED. R. CIV. P. 4(e)(1), (h)(1)(A).

### 1. Service of Process under Florida Law

Florida state law provides:

> Process against a limited liability company . . . may be served on the registered agent designated by the limited liability company under Chapter 605. A person attempting to serve process pursuant to this subsection may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is a natural person and is temporarily absent from his or her office.

FLA. STAT. § 48.062(1). If service cannot be made at the registered agent's office, the plaintiff may then serve a member of a member-managed LLC, a manager of a manager-managed LLC or, if an LLC member or manager is unavailable, an

9

employee of the LLC. *Id.* § 48.062(2)(a)-(c). If each of these methods fail, the plaintiff may serve the Secretary of State as agent for the LLC. *Id.* § 48.062(3).

The District Court for the Southern District of Florida, interpreting section 48.062 of Florida state law, has said that the provision should be "strictly construed." *Florio v. Success Agency LLC*, No. 17-80557-CV-MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 227261, at *10, 14-15 (S.D. Fla. Oct. 27, 2017); *see Linn v. Bluewater Media, LLC*, No. 1:20-cv-391-DBH, 2021 U.S. Dist. LEXIS 48480, at *2-3 (D. Me. Mar. 15, 2021) (applying Florida section 48.062). The plaintiff must therefore show either that "(1) the LLC failed to comply with chapter 605; (2) the LLC does not have a registered agent; or (3) the plaintiff exercised 'reasonable diligence' in attempting to serve the LLC's registered agent." *Florio*, 2017 U.S. Dist. LEXIS 227261, at *12. "Reasonable diligence" contemplates multiple attempts to serve the registered agent at the agent's listed address, and efforts to locate additional addresses for the registered agent if the first address fails. *Id.* at 14-15.

As stated above, Mr. Merard served Ms. Schachter who is not Pyramid's registered agent or a Pyramid member or manager. Thus, to comply with Florida state law service requirements, Mr. Merard must have shown either that Pyramid did not comply with Chapter 605, that Pyramid has no registered agent, or that he made reasonable efforts to serve Pyramid's agent but was unable to do so, none of which Mr. Merard has done. Mr. Merard has therefore not complied with service of process requirements under Florida law.

10

### 2. Service of Process under Maine Law

Turning to state of Maine law, the Maine Rules of Civil Procedure provide that a plaintiff may serve process on a corporation established under the laws of another state by:

> (1) [D]elivery of a "copy of the summons and of the complaint to any officer, director or agent", or
>
> (2) Leaving such copies "at any office or place of business of the corporation within the state"; or
>
> (3) Delivery of a copy of the summons and of the complaint 'to any agent or attorney in fact authorized by appointment or by statute to receive or accept service on behalf of the corporation' (plus any statutory notice).

*Infinity Real Estate, LLC v. Deutsche Bank Nat'l Tr. Co.*, No. 2:18-cv-00038-JAW, 2018 U.S. Dist. LEXIS 150075, at * 11 (D. Me. Sept. 4, 2018) (quoting ME. R. CIV. P. 4(d)(9)).

In this case, Mr. Merard did not comply with any of the three methods of service identified under the Maine Rules of Civil Procedure. First, as the Court previously noted, Mr. Merard served Ms. Schachter, who is not an officer, director, or agent of Pyramid. Second, Mr. Merard directed that service be given at Ms. Schachter's law office in Florida, which is not Pyramid's office or place of business within the state of Maine. Finally, while Mr. Merard did serve Ms. Schachter, as Pyramid's attorney, she was not authorized by Pyramid to accept service on behalf of the LLC.

The Maine Model Registered Agents Act further authorizes a process for serving domestic corporations.[1] The Act provides that "[a] clerk or registered agent is an agent of the represented entity authorized to receive service of any process, notice or demand required or permitted by law to be served on the entity." 5 M.R.S. § 113(1).

The Maine Model Registered Agents Act next provides that if an entity no longer has a clerk or registered agent or if its registered agent cannot be served, the entity "may be served by registered or certified mail, return receipt requested, addressed to the governors of the entity by name at its principal office in accordance with applicable judicial rules and procedures." *Id.* § 113(2). Here, there is no evidence that Mr. Merard attempted to serve process on Pyramid's registered agent, was unable to reach the registered agent, and thus attempted to serve Pyramid via registered or certified mail. The Court concludes that Mr. Merard did not serve process according to the requirements under Maine law.

### 3. Serving a Party's Attorney

Finally, the Court notes that "[s]ervice of process is not effectual on an attorney solely by reason of his capacity as an attorney, [but] the party must have been appointed by his attorney as his agent for service of process." *Williams v. Jones*, 11 F.3d 247, 251 (1st Cir. 1993) (quoting *Durbin Paper Stock Co. v. Hossain*, 97 F.R.D. 639, 639 (S.D. Fla. 1982) (alterations in *Williams*); *see also Forum Fin. Grp. v.*

---

[1] The Maine Secretary of State identifies Massachusetts as Pyramid's jurisdiction of organization, but also lists a "clerk/agent" for Pyramid in the state of Maine. *See* Me. Dep't of the Sec'y of State, *Information Summary*, https://icrs.informe.org/nei-sos-icrs/ICRS?CorpSumm=20180388FC (last visited Nov. 22, 2021).

*President & Fellows of Harv. Coll.*, No. 00-306-P-H, 2001 U.S. Dist. LEXIS 5961, at *24 (D. Me. Feb. 16, 2001). Mr. Merard notes that Ms. Schachter represented Pyramid in front of the Maine Human Rights Commission, *Pl.'s Opp'n* at 2, however, an attorney's representation of a client does not automatically authorize the attorney to accept service of process on behalf of the client. It was therefore improper for Mr. Merard to have directed service of process on Ms. Schachter as Pyramid's attorney of record.

Ultimately, because Mr. Merard "fail[ed] to properly serve [Pyramid] in accordance with Rule 4, the court lacks personal jurisdiction over [Pyramid], unless [Pyramid] has waived service or otherwise consented to personal jurisdiction," and there is no evidence in the record that Pyramid has done so. *Stark*, 2020 U.S. Dist. LEXIS 202245 at *4. The Court acknowledges that the rules for effective proper service of process can be complicated, especially for pro se parties. However, Mr. Merard's "*pro se* status does not insulate him from compliance with the Federal Rules of Civil Procedure." *Fleming v. Magnusson*, No. 94-2148, 1995 U.S. App. LEXIS 9448, at *4 (1st Cir. Apr. 25, 1995). Because Mr. Merard did not properly serve Pyramid, the Court dismisses Mr. Merard's Complaint, but does so without prejudice to allow Mr. Merard to file his claim again if he chooses to do so.

## V.  CONCLUSION

The Court GRANTS Pyramid Portland Management, LLC's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) and DISMISSES without prejudice Chrisnel Merard's Complaint (ECF No. 1).

13

SO ORDERED.

                                              /s/ John A. Woodcock, Jr.
                                              JOHN A. WOODCOCK, JR.
                                              UNITED STATES DISTRICT JUDGE

Dated this 22nd day of November, 2021.